UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATTE ALBERTS, *a California partnership*,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PIZZAMAN'S PAVILION and MICHAEL JENSEN,<br><br>　　　　　　Defendants. | No. 1:20-cv-00238-DAD-SKO<br><br>ORDER GRANTING DEFENDANT JENSEN'S MOTION TO DISMISS THIS ACTION FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING HIS MOTION TO CHANGE VENUE AS HAVING BEEN RENDERED MOOT<br><br>(Doc. Nos. 9, 12) |

  This matter is before the court on the motions to dismiss this action for lack of subject matter jurisdiction and to change venue filed by *pro se* defendant Michael Jensen.  (Doc. Nos. 9, 12.)  Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-19 outbreak, the motions were taken under submission on the papers.  (Doc. No. 13.)  For the reasons set forth below, defendant Jensen's motion to dismiss this action due to lack of subject matter jurisdiction will be granted and his motion to change venue will be denied as having been rendered moot.

**BACKGROUND**

  Plaintiff Fatte Alberts' complaint alleges as follows.  Plaintiff is a partnership based in Hanford, California.  (Doc. No. 1 ("Compl.") at ¶¶ 3, 6.)  Defendant Jensen is an Arizona resident

1

who owns and operates defendant Pizzaman's Pavilion, which is an unincorporated business entity located in Mohave Valley, Arizona that designs and builds custom trailers. (*Id.* at ¶¶ 4, 5, 7.)

In November 2018, the parties entered into a contract wherein defendant Jensen agreed to design and build "a custom-built mobile wood-fired pizza trailer" ("the trailer") for plaintiff. (*Id.* at ¶¶ 8–9.) Plaintiff intended to use the trailer for its business during the catering season, which begins in May of each year. (*Id.* at ¶ 11.) The contract required plaintiff to pay $40,000.00 for the trailer and an additional final payment at the time the trailer was picked up in the form of plaintiff giving defendant Jensen possession of a different trailer that plaintiff owned called the "Pizza Pup" trailer. (*Id.* at ¶ 9.) Pursuant to the parties' contract, beginning in December 2018 and for the next six months, plaintiff made twelve payments totaling $37,570.00 to defendant Jensen. (*Id.* at ¶ 9, 10.) Plaintiff also shipped fryer equipment valued at $4,000.00 to defendant to be installed into the trailer. (*Id.* at ¶ 13.) Defendant Jensen represented to plaintiff that the trailer would be completed by May 2, 2019, but it was not completed by then. (*Id.* at ¶ 12–14.) As of February 14, 2020, the date the complaint in this action was filed, the trailer had still not been completed by defendants. (*Id.* at ¶ 16.) Plaintiff's complaint asserts claims against defendants Pizzaman's Pavilion and Jensen for fraud, breach of contract, and a common count for money had and received. (*Id.* at 3–5.)

On May 11 and May 15, 2020, defendant Jensen, proceeding *pro se*, filed the pending motions, seeking to dismiss this action due to lack of subject matter jurisdiction and "for change of venue/change of jurisdiction."[1] (Doc. Nos. 9, 12.) In so moving, defendant Jensen argues that

/////

/////

/////

---

[1] Neither of the pending motions is brought by defendant Pizzaman's Pavilion. (*See generally* Doc. Nos. 9, 12.) The court notes that although defendant Pizzaman's Pavilion appears on the docket as representing itself, this entry is in error. As Local Rule 183 notes, "[a] corporation or other entity may appear only by an attorney." This error, however, is of no import, because as discussed in this order, the court will dismiss this action due to plaintiff's failure to sufficiently allege that this court has subject matter jurisdiction over this action.

the amount in controversy in this action does not exceed $75,000.00, and that this action should be transferred for convenience to a court in Arizona.[2]  (Doc. Nos. 9 at 1; 12 at 1–2.)

On June 3, 2020, plaintiff filed its oppositions to the pending motions, and on June 24, 2020, defendant Jensen filed a reply.  (Doc. Nos. 14, 15, 16.)

**DISCUSSION**

"When a defendant moves to dismiss a complaint or claim for lack of subject matter jurisdiction, the plaintiff bears the burden of proving that the court has jurisdiction to decide the claim."  *Cannon v. Harco Nat'l Ins. Co.*, No. 09-cv-00026-MMA-JMA, 2009 WL 10725673, at *2 (S.D. Cal. July 16, 2009) (citing *Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)).  A motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) "may be facial or factual.  In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).  "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): [a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction."  *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).  As is true in evaluating a Rule 12(b)(6) motion, the court need not assume the truth of legal conclusions cast in the form of factual allegations.  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).  "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Safe Air for Everyone*, 373 F.3d at 1039.  Notably, extrinsic evidence is heard on factual attacks and the court may review "*any* evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."

---

[2] Despite filing a motion to dismiss for lack of subject matter jurisdiction and a separate motion seeking a change of venue, defendant Jensen argues in support of both in both motions, as well as in his reply.  Because defendant Jensen is proceeding *pro se*, the court has considered his arguments, regardless of which filing includes them.  *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)).

*McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (emphasis added) (citing *Land v. Dollar*, 330 U.S. 731 (1947)).

Pursuant to 28 U.S.C. § 1332, where, as here, the parties in an action are citizens of different states, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." "When a plaintiff files suit in federal court, [courts] use the 'legal certainty' test to determine whether the complaint meets § 1332(a)'s amount in controversy requirement." *Naffe v. Frey*, 789 F.3d 1030, 1039 (9th Cir. 2015). Under this test, "[t]he sum claimed by the plaintiff controls so long as the claim is made in good faith." *Crum v. Circus Enters*, 231 F.3d 1129, 1131 (9th Cir. 2000); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."). As the Ninth Circuit has explained in this regard,

> the legal certainty test makes it very difficult to secure a dismissal of a case on the ground that it does not appear to satisfy the jurisdictional amount requirement. Only three situations clearly meet the legal certainty standard: 1) when the terms of a contract limit the plaintiff's possible recovery; 2) when a specific rule of law or measure of damages limits the amount of damages recoverable; and 3) when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction.

*Naffe*, 789 F.3d at 1040 (internal quotation marks and citations omitted). The amount in controversy "includes claims for general and special damages (excluding costs and interests), attorneys fees if recoverable by statute or contract, and punitive damages, if recoverable as a matter of law." *Pulera v. F & B, Inc.*, No. 2:08-cv-00275-MCE-DAD, 2008 WL 3863489, at *2 (E.D. Cal. Aug. 19, 2008).

Viewing the allegations in its complaint in the light most favorable to plaintiff, the court concludes that the complaint on its face does not sufficiently allege that the value of plaintiff's claims in this action exceeds $75,000.00. The complaint alleges the twelve payments plaintiff made to defendant Jensen in the amount of $37,570.00, plus the value of the fryers it shipped to defendant Jensen in the amount of $4,000.00, plus the "significant amount of business

4

opportunity" it lost "in being unable to utilize the Trailer during his catering season" ($50,000.00) totals $91,570.00 and therefore exceeds the $75,000.00 jurisdictional amount. (Compl. at ¶ 17; *see also* Doc. No. 15 at 6–7.) While the court credits, as it must, plaintiff's factual allegations with respect to the value of the twelve payments it made to defendant Jensen as well as the value of the fryers it shipped to him,[3] the court will not do the same with respect to plaintiff's prayer for $50,000.00 in consequential damages for its alleged lost business opportunities. *See Warren*, 328 F.3d at 1139 (the court cannot "assume the truth of legal conclusions cast in the form of factual allegations"). Both in its complaint, as well as in its opposition to the pending motion to dismiss, plaintiff relies on the amount of $50,000.00 in damages due to its "inability to use [the] trailer during [the] catering season." (Compl. at ¶ 21; *see also id.* at ¶¶ 17, 22; Doc. No. 15 at 7.) However, plaintiff "provides th[is] . . . damage[s] value without any facts to demonstrate how [it] is entitled to these damages." *Cannon*, 2009 WL 10725673, at *2. Indeed, the complaint contains *no* factual allegations as to what plaintiff's business is and how that business was impacted by defendant Jensen's alleged failure to procure the trailer. Although the court can reasonably infer based on the nature of the complaint's allegations that plaintiff is involved in the pizzeria or pizza-making business, even that fact, however, is not alleged in the complaint, much less how plaintiff reached the $50,000.00 sum for consequential damages. Missing from the complaint, for example, are any factual allegations with respect to whether plaintiff operates a catering business, and if so, how much business plaintiff generates in the catering season versus the non-catering season, or any factual allegations demonstrating that plaintiff did indeed lose business due to its inability to use the trailer that had been commissioned. "Without any factual

/////

---

[3] Defendant Jensen disputes the amount of actual damages in this action, contending that the value of the fryers is less than $4,000,00 and that plaintiff did not comply with the terms of the parties' contractual agreement. (Doc. Nos. 9 at 1; 12 at 1;16 at 2–3.) Defendant Jensen's arguments in this regard are of no import, as the actual value of plaintiff's claims is a disputed fact. S*ee, e.g., Nexus USA, LLC v. Duro Power, Inc.*, No. 12-cv-01680-PA-FFMx, 2012 WL 12952314, at *3 (C.D. Cal. July 25, 2012) ("Moreover, the actual value of the generators shipped to Nexus Electric is a disputed issue of fact. As such, there is no basis to discount any value from the contractual claim . . ..").

support, the Court must presume [plaintiff's] consequential damages claim is speculative at best."[4]  *Id.*

The court therefore concludes that plaintiff's complaint does not sufficiently allege that the amount in controversy in this action exceeds $75,000.00.  Accordingly, the court will grant defendant Jensen's motion to dismiss this action for lack of subject matter jurisdiction with leave to amend, *see* Fed. R. Civ. P. 15(a) ("The court should freely give leave [to amend pleadings] when justice so requires."), and will deny his motion to change venue as having been rendered moot.

## CONCLUSION

For the reasons set forth above,

1. Defendant Jensen's motion to dismiss this action for lack of subject matter jurisdiction (Doc. No. 9) is granted with leave to amend;
   a. Any amended complaint that plaintiff elects to file in this action shall be filed with fourteen (14) days after the issuance of this order;
   b. Failure to file an amended complaint will result in dismissal of this action without prejudice; and
2. Defendant Jensen's motion to change venue (Doc. No. 12) is denied as having been rendered moot by this order.

IT IS SO ORDERED.

Dated: __**July 13, 2020**__        _____
                                    UNITED STATES DISTRICT JUDGE

---

[4] Further clouding the sufficiency of plaintiff's allegations with respect to its consequential damages claim is defendant Jensen's contention that plaintiff suffered "NO actual loss of business considering the Plaintiff still had use of the [Pizza Pup] trailer meant for trade." (Doc. No. 9 at 1.)  In this regard, the court notes that: (1) the allegations of plaintiff's complaint do imply that it did not furnish the Pizza Pup trailer to defendant Jensen (given that the complaint alleges defendant Jensen never completed the new trailer); and (2) in its opposition to the pending motion to dismiss, plaintiff does not address defendant Jensen's argument that it still has use of the Pizza Pup trailer, thus undercutting plaintiff's consequential damages claim.