UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATTE ALBERT'S PIZZA,<br><br>Plaintiff,<br><br>v.<br><br>PIZZAMAN'S PAVILION, et al.,<br><br>Defendants. | No.  1:20-cv-00238-DAD-SKO<br><br>ORDER DIRECTING THE CLERK OF COURT TO CLOSE CASE.<br><br>(Doc. 56) |

On March 7, 2022, Plaintiff filed the parties' stipulation that this action is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a).  (Doc. 56.)

In relevant part, Rule 41(a)(1)(A) provides as follows:

> [A] plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A).  Rule 41 thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice.  *See Eitel v. McCool*, 782 F.2d 1470, 1472-73 (9th Cir. 1986).

Once the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal.  Case law concerning

stipulated dismissals under Rule 41(a)(1)(A)(ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval. *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir. 1999). Because the parties have filed a stipulation for dismissal of this case with prejudice under Rule 41(a) that is signed by all who have made an appearance,[1] this case has terminated. Fed. R. Civ. P. 41(a)(1)(A)(ii).

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court close this case.

IT IS SO ORDERED.

Dated:   **March 8, 2022**              /s/ *Sheila K. Oberto*
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that the stipulation is signed by Mike Jensen "on behalf of Pizzaman's Pavilion." (Doc. 56 at 1.) Local Rule 183 provides that "[a] corporation or other entity may appear only by an attorney." E.D. Cal. L.R. 183(a). There is no indication in the stipulation that Mr. Jensen is an "attorney," *i.e*., a "member of the Bar of this Court, licensed to practice law by the State of California or a member of the bar in another state authorized to practice in this Court . . . ." (*see* E.D. Cal. L.R. 101), such that he would be authorized to sign a stipulation of dismissal on behalf of Defendant Pizzaman's Pavilion. However, because Defendant Pizzaman's Pavilion has not appeared in this action, its signature is not required to effectuate dismissal under Fed. R. Civ. P. 41(a)(1)(a)(ii).

2